**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING RULE 60(b)** |
| ) | **MOTION FOR RELIEF** |
| vs. ) | |
| ) | Case No. 3:09-cr-00155-02 |
| Marcus Jermaine Royston, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Marcus Jermaine Royston's Rule 60(b)(6) motion for relief filed on March 7, 2022. Doc. No. 821, 823. The United States responded in opposition to the motion on April 15, 2022. Doc. No. 827. Royston filed his reply on May 9, 2022. Doc. No. 828. Royston requests the Court vacate his sentence based on a double jeopardy issue related to use of his prior convictions to enhance his sentence, and ineffective assistance of counsel related to the alleged double jeopardy issue. Doc. No. 821, 823. Royston also moves for the appointment of counsel, oral argument, and an evidentiary hearing. Id. For the reasons below, the motion is denied.

**I.    BACKGROUND**

On September 1, 2010, this Court sentenced Royston to life imprisonment for two drug distribution offenses. Doc. No. 392. Royston appealed. Following remand from the Eighth Circuit Court of Appeals, Royston was sentenced to 300 months' imprisonment under the revised sentencing provisions of the Fair Sentencing Act. Doc. No. 616.

On August 30, 2013, Royston filed a motion to vacate Under 28 U.S.C. § 2255. Doc. No. 648. This Court rejected all but two of Royston's claims and ordered an evidentiary hearing on the remaining issues. Doc. No. 684. Following the evidentiary hearing, this Court denied the

remaining claims and declined to issue a certificate of appealability. Doc. No. 724. Royston appealed and filed an application for a certificate of appealability to the Eighth Circuit, which was denied. Royston v. United States, No. 16-2316 (8th Cir. Oct. 26, 2016). Royston then filed a petition for a writ of certiorari in the Supreme Court on January 24, 2017, which was not granted. Royston v. United States, 137 S. Ct. 1235 (2017).

On May 18, 2017, Royston filed a petition for leave to file a successive habeas petition in the Eighth Circuit. Doc. No. 743. The Eighth Circuit denied Royston's petition. Id. On November 20, 2017, Royston filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Doc. No. 746. In a supplemental filing, he requested a downward departure from the career offender guideline range due to his allegedly overstated criminal history. Doc. No. 750. The United States opposed his motion, arguing Royston's career offender status precluded relief, a downward departure was not procedurally possible, and the motion was otherwise meritless. Doc. No. 756. This Court denied Royston's motion on May 21, 2018. Doc. Nos. 759, 760, 761. Royston appealed, and the Eighth Circuit summarily affirmed. United States v. Royston, No. 18-2251 (8th Cir. July 26, 2018). Royston then filed a petition for a writ of certiorari in the Supreme Court which was not granted. Royston v. United States, No. 18-7057 (U.S. Feb. 19, 2019).

On May 11, 2018, Royston filed a motion under Federal Rule of Civil Procedure 60(b) "Seeking relief From an Abuse of discretion by the District Court. And asking the court to rule on the merits of court document 699 (Actual Innocence Claim)." Doc. No. 757. This Court denied this motion as an unauthorized second or successive motion under 28 U.S.C. § 2255. Doc. No. 758.

On February 4, 2022, Royston filed a motion to reduce sentence based on the First Step Act of 2018, which made the sentencing provisions of the Fair Sentencing Act of 2010 retroactive.

Doc. No. 778. The United States filed a response in opposition. Doc. No. 781. This Court denied the motion as Royston had already received the benefit of the Fair Sentencing Act of 2010 when he was resentenced following remand from the Eighth Circuit on November 12, 2012. Doc. No. 782.

On March 20, 2020, Royston filed a Rule 60(b) motion asking this Court to review his actual innocence claim and requesting a hearing. Doc. No. 785. This Court denied his motion, finding Royston had previously raised an actual innocence claim under 28 U.S.C. § 2255 that was denied on the merits, and the claim was therefore an unauthorized second or successive motion under 28 U.S.C. § 2255. Doc. No. 787. This Court also noted it would reach the same conclusion on the merits of an actual innocence claim. Id.

On April 10, 2020, Royston filed a motion to amend his Rule 60(b) motion to ask the Court to conduct an evidentiary hearing on his actual innocence claim. Doc. No. 788. This Court denied the motion. Doc. No. 789. Royston appealed. The Eighth Circuit dismissed the appeal and denied a certificate of appealability. Royston v. United States, No. 20-1841 (8th Cir. Aug. 4, 2020).

Royston again filed a motion to reduce sentence on September 8, 2020, citing the ongoing COVID-19 pandemic. Doc. No. 797. The United States opposed his motion. Doc. No. 798. This Court denied his motion on October 20, 2020. Doc. No. 803. Royston filed the instant motion on March 7, 2022. Doc. No. 821, 823.

## II.   DISCUSSION

Royston argues his constitutional rights were violated by the use of his prior convictions to enhance his sentence, and that he received ineffective assistance of counsel regarding the alleged prior conviction issue. The United States responded and opposed the motion, arguing—among other things—that this is a second or successive § 2255 motion that must be authorized by the

Eighth Circuit. Royston counters that this case presents new claims that have yet to be ruled upon by this Court. While these may be new claims, they are still successive under § 2255 and Royston's motion fails.

### A. Legal Standards

Federal Rule of Civil Procedure 60(b)(6) authorizes courts to grant relief from final judgments for "any other reason that justifies relief." A movant must present "extraordinary circumstances" to justify relief under Rule 60(b)(6). Davis v. Kelley, 855 F.3d 833, 835 (8th Cir. 2017). "Such circumstances will rarely occur in the habeas context." Buck v. Davis, 137 S. Ct. 759, 772 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). The Eighth Circuit stated the following regarding limitations on actions brought under Rule 60(b)(6) by federal habeas petitioners:

> **The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed significant restrictions on second or successive state habeas corpus applications and their federal counterpart, § 2255 motions for post-conviction relief.** See 28 U.S.C. §§ 2244(b), 2255(h); Baranski v. United States, 880 F.3d 951, 954-55 (8th Cir. 2018). Under AEDPA, any claim adjudicated in a prior petition "shall be dismissed," § 2244(b)(1). A claim not previously adjudicated "must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530, 125 S. Ct. 2641, citing § 2244(b)(2). **Though AEDPA did not directly circumscribe Rule 60(b), the Supreme Court held in Gonzalez that the restrictions in § 2244(b) apply to Rule 60(b) motions that present "new claims for relief." Id. at 531, 125 S.Ct. 2641.** The Court expressly included in this class of Rule 60(b) motions those that "seek leave to present 'newly discovered evidence' . . . in support of a claim previously denied," and those that "contend that a subsequent change in substantive law is a 'reason justifying relief.'" Id. **By contrast, no "claim" is presented when a Rule 60(b) motion only attacks "some defect in the integrity of the federal habeas proceedings."** Id. at 532, 125 S. Ct. 2641; see Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009), cert. denied, 559 U.S. 1051, 130 S. Ct. 2367, 176 L. Ed. 2d 566 (2010).

Rouse v. United States, 14 F.4th 795, 799 (8th Cir. 2021) (emphasis added). In sum, the restrictions of AEDPA generally apply to Rule 60(b) motions unless the motion only attacks a defect in the

integrity of the federal habeas proceedings. The restrictions in § 2244(b) therefore apply to Rule 60(b) motions that present "new claims for relief." Id. at 799–802 (8th Cir. 2021) (quoting Gonzalez, 545 U.S. at 531).

**B.    Analysis**

The Court has reviewed the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings. While framed as a Rule 60(b)(6) motion, because two new claims are asserted, § 2255 applies. This is at least the third § 2255 motion Royston has filed.[1] Before a successive § 2255 motion may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(3), 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005). If a federal inmate files a second or successive § 2255 motion without the necessary authorization, the district court enjoys broad discretion, either to dismiss the motion or transfer it to the court of appeals. Id. In the broad exercise of its discretion, the Court finds that dismissal is warranted.

Even if the Court were to address the merits of motion, the result would be the same. As noted, "Rule 60(b) authorizes relief in only the most exceptional of cases." Holmes v. United States, 898 F.3d 785, 791 (8th Cir. 2018) (citation omitted). The merits of the double jeopardy claim are exceedingly weak as it is well-settled that prior convictions may enhance punishment for a later conviction. Witte v. United States, 515 U.S. 389, 400 (1995); United States v. Thomas, 895 F.2d 1198, 1201 (8th Cir. 1990). Given the inherent weakness of the double jeopardy argument, the Court cannot conclude Royston's representation fell below an objective standard of

---

[1] Because this is a successive § 2255 motion, the Court is not required to employ the United States v. Morales, 304 F.3d 764 (8th Cir. 2002), procedure before reclassifying the motion. See Boyd v. United States, 304 F.3d 813 (8th Cir. 2002) (Morales procedure not required before dismissal of motion that amounted to a second or successive § 2255 motion).

5

reasonableness or that he was prejudiced by the alleged deficiency—the standard for ineffective representation.  See Strickland v. Washington, 466 U.S. 668, 687 (1984). Even when ignoring that this is a successive motion under § 2255, Royston fails to clear Rule 60(b)'s high bar for relief.

## III.   CONCLUSION

Having reviewed the entire record and relevant legal authority, the Court concludes that Royston's Rule 60(b) motion is in substance a successive habeas petition filed without authorization from the Eighth Circuit Court of Appeals under 28 U.S.C. § 2255(h).  Accordingly, the Court issues the following **ORDER**:

(1)   Royston's motion (Docs. No. 821, 823) is **DISMISSED**;

(2)   Royston's motion for the appointment of counsel, oral argument, and an evidentiary hearing (Doc. No. 316) is DENIED as moot;

(3)   The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

(4)   Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).  If the defendant desires further review of his motion, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 27th day of May 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court